IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RAYMOND MITCHELL KEETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-461-CWB |
| ) | |
| OFFICER BULLARD, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

It is hereby **ORDERED** that the Recommendation of the Magistrate Judge (Doc. 25) entered March 7, 2024 is **WITHDRAWN**. Moreover, with the parties consenting to having all proceedings conducted by a Magistrate Judge, and with referral being made pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, it is now further **ORDERED** as set forth below.

Raymond Mitchell Keeton ("Plaintiff"), acting pro se, filed this action to assert claims under 42 U.S.C. § 1983 for conduct allegedly occurring at the Lee County Detention Center. (Doc. 1). Defendants subsequently filed a Special Report, which was accompanied by various evidentiary materials, in opposition to Plaintiff's claims. (Docs. 16 & 17). By Order entered December 21, 2023, the court directed Plaintiff to file a response to Defendants' arguments and materials by January 18, 2024. (Doc. 18). And Plaintiff was cautioned that "his wholesale failure to file a response will result in a recommendation that the lawsuit be dismissed." (*Id.*). At Plaintiff's request, the court extended the deadline through February 20, 2024 (Docs. 23 & 24); nonetheless, Plaintiff failed to submit a response or take other action.

1

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp*., 715 F. App'x 912, 915 (11th Cir. 2017). Here, the court finds that Plaintiff's failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the court further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Plaintiff has failed to take action despite having been afforded additional time and despite the warning about a potential dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). Accordingly, this action is due to be dismissed without prejudice. A final judgment will be entered separately.

**DONE** this the 29th day of March 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**